

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

### for the

DET076727

EASTERN District of MICHIGAN

)
)
)
IN RE: ANDREW GROSS III #28240-039 )
_____
Petitioner )

Case: 2:15-cv-10637
Judge: Cohn, Avern
MJ: Hluchaniuk, Michael J.

v. )

Filed: 02-18-2015 At 03:04 PM

)
)
)
UNITED STATES OF AMERICA )
_____
Respondent )
*(name of warden or authorized person having custody of petitioner)*

HC Andrew Gross III v United States
of America (wh)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: ANDREW GROSS III

   (b) Other names you have used: _____

2. Place of confinement:

   (a) Name of institution: USP TERRE HAUTE

   (b) Address: P.O. Box 33

   TERRE HAUTE, INDIANA 47808

   (c) Your identification number: 28240-039

3. Are you currently being held on orders by:

   ☑ Federal authorities      ☐ State authorities      ☐ Other - explain:

4. Are you currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)

   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

   If you are currently serving a sentence, provide:

   (a) Name and location of court that sentenced you: UNITED STATES DISTRICT COURT FOR
   EASTERN DISTRICT OF MICHIGAN -DETROIT.

   (b) Docket number of criminal case: 02-80163

   (c) Date of sentencing: February 2003

   ☐ Being held on an immigration charge

   ☑ Other *(explain):* 18 U.S.C. 3 513(a).

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.     What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain):* _____

_____

_____

6.     Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court: _____

_____

(b)  Docket number, case number, or opinion number: _____

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):*

_____

_____

_____

(d)  Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7.     **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes               ☐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: UNITED STATES COURT OF APPEALS FOR The Sixth CiRcuiT

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: 03-1266

(4)  Result: Remanded For Resentencing

(5)  Date of result: August 5th 2005

(6)  Issues raised: BookER CLAim,

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(b) If you answered "No," explain why you did not appeal: _____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes            ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes            ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not file a third appeal:  _____

_____

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes                 ☐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☑ Yes                 ☐ No

If "Yes," provide:

(1) Name of court: UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

(2) Case number: 13-1509

(3) Date of filing: Sept. 13, 2013

(4) Result: DENIED

(5) Date of result: Sept. 13, 2013

(6) Issues raised: The district court Failed To Apportion The Sentence, and The Sentence is Unreasonable.

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☑ Yes                 ☐ No

If "Yes," provide:

(1) Name of court: UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

(2) Case number: 14-2162

(3) Date of filing: OCTOBER 17, 2014

(4) Result: STILL PENDING

(5) Date of result: _____

(6) Issues raised: ① MY Restitution order violated The MANDATORY Victims Restitution Act ② That I should NOT HAVE BEEN Sentenced AS A CAREER offender, ③ and that my Sentence was Unreasonable.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
conviction or sentence:  2255 is inadequate or ineffective To challenge My CONVICTION
or SENTENCE, BECAUSE, NOW "A legal theory that could NOT HAVE been
presented Under § 2255 In 2003, when I Filed My First § 2255 In The Trial
Court "NOW exists" That establishes, MY ACTUAL INNOCENCE,
and BECAUSE Petitioner is challenging JurisdicTion

11.     **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes               ☑ No
If "Yes," provide:
(a)     Date you were taken into immigration custody: _____
(b)     Date of the removal or reinstatement order: _____
(c)     Did you file an appeal with the Board of Immigration Appeals?
☐ Yes               ☐ No
If "Yes," provide:
(1)  Date of filing: _____
(2)  Case number: _____
(3)  Result: _____
(4)  Date of result: _____
(5)  Issues raised: _____

(d)     Did you appeal the decision to the United States Court of Appeals?
☐ Yes               ☐ No
If "Yes," provide:
(1)  Name of court: _____
(2)  Date of filing: _____
(3)  Case number: _____
(4)  Result: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      (5)  Date of result: _____

      (6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:**   I AM being held IN violation of The double Jeopardy CLAuse of the U.S. CONSTITUTION, FOR OVER 13 YEARS

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

I did NOT commITT A Crime PurSuANT TO 18 U.S.C. 3 5I3(a). I AM ILLegAlly

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

CONFINED, AND I AM FALSLY detaiNED, AND FALSLY ImprisoNED, AND I Am/WAS MALiciously Prosecuted, I did NOT UTTER FORgEd SECURITIES "OF" AN ORGANIZATION I AM ACTUALLY INNOCENT OF 18 U.S.C. § 513(a). Mr. Cross claims a Forged check can't be "OF" the depository bank For Purposes OF Prosecuting a defendant Under The Federal Statute, making it a crime To UTTER Forged Securities "OF

(b) Did you present Ground One in all appeals that were available to you? AN ORGANIZATION,

☐ Yes    ☑ No

**GROUND TWO:** I AM In Custody In Violation of U.S. Constitutional Prohibition, Double Jeopardy clause, I Am being denied Life, Liberty ; Freedom, and Property, and my 5th and 6th Amendment Rights.

(a) Supporting facts (Be brief. Do not cite cases or law.):

I am being denied Life, Liberty, ; Freedom and Property. Because The governments Charging IndictmenT Failed To show, That The Forged checks were "oF" a depository Bank, In order To Confer Federal Jurisdiction, and The governments IndictmenT ON It's Face is UncerTain and ambiquous. Petitioner claims That The Plain language of 18 U.S.C.S. § 513(a), makes clean a Forged check is NOT "oF a depository bank during its possession or UTTerance.

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes    ☑ No

**GROUND THREE:** MY SUBSTANTIL RIGHTS ARE BEING VIOLATED AND THIS error affects the Fairness, integrity, on public reputation of the Judicial Proceeding I AM In Custody In violation of the 8th AmendmenT, and The 14th AmendmenT, and my 5th and 6th AmendmenT Rights.

(a) Supporting facts (Be brief. Do not cite cases or law.):

My written and oral acknowledgement at the "plea colloquy" did NOT constitute an agreemenT To Pay restitution For ALL relevant conduct. SEE: SENTENCING TranscripTs, February 12, 2003, Exhibit ATTachment: (B)

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes    ☑ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** The ATTorney GENERAL & U.S. MARSHAL'S SERVICE are And Warden are ILLegally detaining ME, In Violation of Cruel and Unusual Punishment Under The 8th Amendment. The IndictmenT Fails To charge AN OFFENSE, In violation of the 5th and 6th AmendmenT's U.S. ConsTiTuTion.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

The Plain language of 513(a), makes clear ThaT A Forged check is NOT "OF" A depository bank during iTs Possession or Utterance. SEE: IndictmenT Exhibit (A)   SEE: ExhibiT (B)

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☑ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:   I did NOT challenge These grounds In any OTher APPEALS ThaT were AvailabLe To ME, In any Prior APPEAL, BECAUSE This "NEW" LEgAL Theory could NOT have been PresenTED, Under § 2255, In 2003 when I Filed my FirsT § 2255. ThereFore, There was No way ThaT, I could challenge The 513(a), STATuTE, and JurisdicTion

**Request for Relief**

15.   State exactly what you want the court to do:   I would Like The CourT To Release ME From Federal Custody, And CompensATE ME For damages, In The AmounT of $ 75,000,000 (SEVENTY Five Million dollars) In U.S. Funds. For ALL ConstiTuTionaL ViolaTions, I Ask ThaT The districT CourT's order of restitution be VACATED & Modified & Remanded In regards To claim # GrAnd Three, and ThaT I be allowed To VACATE my guilTy Plea. I requesT ThaT I be Released From Federal Custody Today, and I ASK ThaT my ConvicTions be SET Aside or VACATED.

C.C. office of
  CLERK OF CourT
United STATES DistricT CourT
231 W. LafayeTTe, Blvd. 5th floor
DeTroiT, Michigan 48226

M. Andrew Kemp K
# 28240-039

GROUND FIVE: The government's evidence Failed To show
That a depository banks INTEREST in a Forged check coincides
with The checks UTTERENCE and did NOT confer Federal Jurisdiction

(a)  Supporting facts (Be brief. Do NOT cite cases or law.):
     SEE: Indictment Exhibit (A) SEE: Exhibit (B).

(b)  Did you present Ground Five in all appeals that were Available To you?
     ☐ Yes     ☑ NO


16.  IF there are any grounds that you did not present in all appeals
     that were available To you, explain why you did not:
     I did NOT challenge These grounds In any OTHer Appeals That were
     Available To ME, In Any Prior, Appeal, Because This new Legal Theory.
     Could NOT have been Presented, Under 3 2255, In 2003.
     when I Filed my First 3 2255, Therefore, There was no way That,
     I could challenge The 513(a). STATUTES, Jurisdiction,
     SEE: Exhibit (B).

## Criminal Case Cover Sheet

United States District Court
Eastern District of Michigan

Case Number Crt. No. 02-80163

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Companion Case Information**
This may be a companion case based upon LCrR 57.10(b)(4)*:

Companion Case Number: Crt. No.
Judge Assigned: Paul D. Borman
X Yes   No
AUSA's Initials: K.L.R.

USA v. Andrew Gross

County where offense occurred : Wayne and Oakland Counties

X Felony   □ Misdemeanor   □ Petty

- □ Indictment ___ /Information ___ no prior complaint.
- □ Indictment ___ /Information ___ based upon prior complaint [Case number: ]
- ☒ Second Superseding Indictment ___ /Information ___ based upon LCrR 57.10 (e) (Complete Superseding section below).

**Superseding Case Information**

Superseding to Case No: Crt. # 02-80163        Judge: Paul D. Borman

- □ Original case was terminated; no additional charges or defendants.
- □ Corrects errors; no additional charges or defendants.
- □ Involves, for plea purposes, different charges or adds counts.
- ☒ Embraces same subject matter but adds the additional defendants or charges below.

Defendant name
Andrew Gross

Charges
18 U.S.C. § 513 and 1028

June 18, 2002
Date

Karen L. Reynolds, Assistant U. S. Attorney

(313) 226-9672
Phone Number

5/1/99

FILED
'02 JUN 18 P3:31
U.S. DIST. COURT CLERK
EAST DIST MICH
DETROIT

Exhibit (A)

---

Exhibit (A)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1 ANDREW GROSS,

Defendant.

CRIMINAL NO. 02-80163

HONORABLE PAUL D. BORMAN

FILED
'02 JUN 18 P3:31
U.S. DIST. COURT CLERK
EAST DIST MICH
DETROIT

### SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNTS ONE THROUGH TWENTY-TWO

(18 U.S.C. § 513 - Counterfeit Securities)

D-1 ANDREW GROSS

On or about dates set forth below, in the Eastern District of Michigan, Southern Division and elsewhere, defendant ANDREW GROSS possessed, negotiated and attempted to negotiate counterfeit cashier's checks drawn on various financial institutions in the Detroit metropolitan area and elsewhere, with the intent to deceive another person, organization, or government.

Exhibit (B)

3

**Court Decisions: In Brief**
**96 Crim. L. Rep. (BNA) 36**
**Forgery**
**October 8, 2014**

### Opinion

A forged check can't be "of" the depository bank for purposes of prosecuting a defendant under the federal statute making it a crime to utter forged securities "of an organization," the U.S. Court of Appeals for the Tenth Circuit ruled Sept. 22. (*United States v. Powell,* 2014 BL 262642, 10th Cir., No. 12-1500, 9/22/14)

The word "of" in 18 U.S.C. § **513 (a)**) requires a meaningful contemporaneous connection between the institution and the check, the court said. Although it is easy to see that connection between a forged check and the bank upon which it is drawn, there are so many organizations to which such a check can thereafter be presented that "it is impossible to assert such a check, before its deposit, is ever of a depository bank," the court said. (*Full text at* http://www.bloomberglaw.com/public/document/United_States_v_Powell_No_121500_2014_BL_ 262642_10th_Cir_Sept_22_)

BNACRM                                    1

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-v-                    Case Number:
                        02-80163-1

ANDREW GROSS,

        Defendant.

-------------------------------/

SENTENCING
BEFORE THE HONORABLE BERNARD A. FRIEDMAN
United States District Judge
238 U.S. Courthouse & Federal Building
231 Lafayette Boulevard West
Detroit, Michigan  48226
WEDNESDAY, FEBRUARY 12TH, 2003

APPEARANCES:

For the Plaintiff:      Jennifer Gorland, Assistant
                        United States Attorney

For the Defendant:     Timothy S. Barkovic, Esq

Court Reporter:        Joan L. Morgan, CSR
                        Official Court Reporter

Proceedings recorded by mechanical stenography.
Transcript produced by computer-assisted
transcription.

GOVERNMENT
EXHIBIT
B

**SENTENCING**                                                                    32
**WEDNESDAY, FEBRUARY 12TH, 2003**

1    and now says he didn't remember.  I have that fingerprint

2    card and I would note for the record that in our prior case

3    a fingerprint examiner, Dr. Ball, testified that it was the

4    defendant who is the subject of that battery charge and

5    conviction based on his fingerprints.

6              So I don't see how the criminal history can

7    seriously be contested based on both the information that

8    the Probation Department has, its documentation, that it

9    thoroughly went over both before Judge Hood in the prior

10   case and now before this Court, as well as the fingerprint

11   evidence that's been presented by the Government.

12             The pending charges the defendant has I don't

13   believe it has any relevance necessarily to the calculation

14   of the guideline range and so -- while I believe those

15   issues are a matter of record, I don't believe it matters

16   for the purpose of the calculation guideline so I'm not

17   going to address those.

18             As far as the debts the defendant is responsible

19   for, again, does not go to the issue of calculation of

20   guidelines.  I would just note that a number of those

21   things are a matter of record that were determined by the

22   Probation Department, and not provided by the Government.

23             And as far as the restitution the defendant is

24   owing to -- for his criminal conduct, it is well

25   established that if the defendant is found to be

          **UNITED STATES OF AMERICA -v- GROSS**

Restitution

1  responsible for relevant conduct then he's also responsible

2  for restitution that accompanies that relevant conduct.

3  And that's why the Probation Department correctly

4  calculated that amount.

5          And based on the sentencing memorandum that we

6  have submitted to the Court, I would ask that the Court

7  finds the calculation of the guideline range by the

8  Probation Department is correct, and to sentence the

9  defendant accordingly.

10          Thank you, your Honor.

11          THE COURT:  Thank you.

12          Okay, Mr. Gross, you may stand there with your

13  attorney.

14          Okay, anything else -- any allocution that you

15  have counsel?

16          MR. BARKOVIC:  Judge, all I can say is that Mr.

17  Gross is adamant in terms of his position that the only

18  criminal conduct that he engaged in and should be

19  responsible for is contained within Count 11 of the

20  indictment that was filed in this matter.  That is the

21  count that you'll recall, your Honor, the count that he

22  pled guilty to.

23          Your Honor, after much negotiation, the plea was

24  had in this matter, and my client tendered that plea and,

25  Judge, I can tell you that my client remains adamant that

UNITED STATES OF AMERICA -v- GROSS

1    his only involvement was the seventy-three-hundred-dollar

2    transaction alleged in Count 11,

3            Judge, I am concerned about a couple of things.

4    I am concerned about my client's continued cries for

5    medical treatment.  And in terms of any sentence that you

6    impose, I would certainly ask that his ear be looked at.

7            Judge, I just independently, an observer in this

8    matter, have noted a significant growth of his left ear,

9    and he continues to complain about it.  It should be

10   treated at the earliest possible date so if you designate

11   him, Judge, at least designate him to a medical facility

12   initially so that he can receive treatment.

13           Judge, I can't tell you the state, if you will,

14   that the defendant has raised not only before your Honor,

15   but before his prior judge in reference to medical

16   complaints concerning that ear.  And, again, I can say from

17   personal observation that any growth that is on that ear

18   has certainly become larger since the date of my

19   representation of Mr. Gross.

20           Judge, I would ask you to adopt the provisions

21   contained in the Rule 11 along with the recommendation from

22   the Government that this matter run concurrent with the

23   offense imposed by Judge Hood.  And that Mr. Gross receive

24   leniency from this Court.

25           And I have nothing further to say.

             UNITED STATES OF AMERICA -v- GROSS

SENTENCING                                          35
WEDNESDAY, FEBRUARY 12TH, 2003

1        MS. GORLAND:  Your Honor, I would just like to
2   correct one issue.  There is no Rule 11 Plea Agreement in
3   this case.
4        MR. BARKOVIC:  Oh, that's right.
5        THE COURT:  No, I understand.
6        MR. BARKOVIC:  That is correct.
7        MS. GORLAND:  And there is no agreement that we
8   recommend a concurrent sentence.  In fact, it's just the
9   opposite.
10       MR. BARKOVIC:  Excuse me, Judge, I was
11  misunderstood.  I was referencing another case.
12       THE COURT:  That's fine.
13       MR. BARKOVIC:  I'm sorry.
14       THE COURT:  No problem.
15       Mr. Gross, anything you'd like to say?
16       THE DEFENDANT:  Again, I took full responsibility
17  for Count 11, your Honor.  As to the music equipment that
18  was investigated by the Guitar Center, it was two pieces of
19  music equipment.  It was not a million dollars' worth of
20  music equipment.  And I just say they have proof with my ID
21  on file that I presented two pieces of equipment that they
22  can link to me along with Count 11.  And I would be willing
23  to pay the fine if the Court would allow that.
24       THE COURT:  Okay.  Anything else?
25       THE DEFENDANT:  No.
         UNITED STATES OF AMERICA -v- GROSS

260

1    forty-six thousand four hundred and eight thousand twenty-

2    eight cents.  ALTI Music: seventeen thousand.  Professional

3    Sound & Music: fifteen thousand one hundred and twenty-

4    five.  Shop4tech: fourteen thousand.  Music Center,

5    Incorporated: seven thousand three hundred.

6              Restitution is due forthwith.

7              While in custody the defendant will participate

8    in an inmate financial responsibility program.  The Court

9    is aware of the requirements in this program, and approves

10   of the payment schedule of this program, and hereby orders

11   the defendant's compliance.  That means that while you're

12   in prison any job you have or anything of that nature, a

13   portion of that money will come out of that to pay some of

14   this restitution.

15             I'm going to waive any fines or costs as the

16   Court believes the restitution should be paid before fines

17   and costs to the Government.  However, the defendant will

18   pay a one hundred dollar special assessment forthwith.

19             Mandatory drug and alcohol testing is ordered.

20             While on supervised release the defendant will

21   comply with the standard conditions of supervised release

22   as adopted by this Court.

23             As the defendant used a computer for criminal

24   activities the following conditions are ordered:  Number

25   one, you will not be involved in any internet activity

              UNITED STATES OF AMERICA -v- GROSS

<table>
<tr><td></td><td></td></tr>
</table>

SENTENCING                                                43
WEDNESDAY, FEBRUARY 12TH, 2003

1        Everybody may be seated.

2        (Short recess.)

3        (Proceedings continuing.)

4        THE COURT:  Let the record reflect that as to the

5    Presentence Report, as I indicated before the Court will

6    accept the Presentence Report.  The Government will

7    incorporate into -- in this record, the Government's

8    sentencing memorandum together with the exhibits that are

9    attached thereto, all of which the Court has had an

10   opportunity to review and to read.  Also, the Court is

11   taking into consideration and accepting and adopting the

12   Presentence Report in this particular matter.  The

13   affirmation and swearing of the Government's sentencing

14   memorandum and exhibits by both agents, one of the FBI and

15   the Secret Service.

16        The Court finds in this particular matter that

17   the calculations and for the reasons established by the

18   Presentence Report in this matter are correct.  The Court

19   finds by preponderance of the evidence in this matter that

20   the relevant conduct that has been used in this matter,

21   that there is sufficient evidence to substantiate that

22   again by a preponderance of the evidence using the

23   affirmation of the agents in this particular matter in

24   conjunction with the memorandum of the Government as well

25   as the Presentence Report in this matter.

        UNITED STATES OF AMERICA -v- GROSS

Case 2:15-cr-20652-AJM-MUM ECF No. 1, PageID.19 Filed 02/13/18 Page 45 of 46

SENTENCING                                                    45
WEDNESDAY, FEBRUARY 12TH, 2003

1   THE DEFENDANT:  And also for the record, I'm
2   objecting to the criminal history point, and the offense
3   level point and the loss amount that was loss in this case
4   here, your Honor, by the Probation Department.
5          THE COURT:  The objection is noted.  Again, the
6   Court finds by a preponderance of evidence that the loss
7   level is, if anything, minimal compared to what the loss
8   was.  I think the loss was substantially more than that
9   which the Court has ordered in terms of restitution in
10  which the Probation Department found.
11         The offense level we talked about, the Court
12  finds that --
13         THE DEFENDANT:  But the Government --
14         THE COURT:  Excuse me, my turn now.  We can only
15  talk one at a time.  I didn't interrupt you; I don't expect
16  you to interrupt me.
17         As to the other matters again, the Court adopts
18  the report of the Probation Department the Court finding
19  that it is consistent with all the documentation by a
20  preponderance of the evidence.
21         Okay, anything else?
22         THE DEFENDANT:  The Government didn't prove one
23  million dollars in loss, your Honor.  The only loss there
24  was, was the seventy-three hundred dollars and the two
25  pieces of music equipment from the Guitar Center.

UNITED STATES OF AMERICA -v- GROSS

THE COURT:  Okay.  You'll have a lot of time to think about it.

THE DEFENDANT:  How could that constitute --

THE COURT:  We'll stand in recess.

MR. BARKOVIC:  Thank you, Judge.

(Proceedings concluded.)

-- --- --

## CERTIFICATE

I, JOAN L. MORGAN, Official Court Reporter for the United States District Court for the Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing proceedings were had in the within entitled and number cause of the date hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

JOAN L. MORGAN, CSR
Official Court Reporter
Detroit, Michigan  48226

Date:  June 20, 2003

UNITED STATES OF AMERICA -v- GROSS

§1 Judgment in a Criminal Case
Criminal Monetary Penalties

DEFENDANT: ANDREW GROSS
CASE NUMBER: 02CR80163-1

Judgment Page 6 of 7

## CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 341527.26 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

### Victim Impact

off (29)  The defendant owes restitution as follows: Ultimate Electronics, $39,999.98; Intel Servies, $33,610.00; Multi-Media Solutions, $106,440.00; Sound Track, $46,408.28; Audio Inter Visual Design, $40,056.00; ALTI Music, $17,000.00; Baker Music Center, $5,565.00; Professional Sound & Music, $15,125.00; American Pro Audio, $16,023.00; Music Center, Inc., $7,300.00; and Shop4Tech, $14,000.00. This results in a total restitution amount of $341,527.26.

### Adjustment for Obstruction of Justice

30.  The Probation Department has no information to suggest the defendant impeded or obstructed justice, or attempted to impede or obstruct justice.

### Adjustment for Acceptance of Responsibility

31.  In a statement from GROSS, at the time of the presentence interview for Docket No. 01-CR-80769-DT-01, the defendant stated that this was the same conduct that he was already charged with, and that he had picked up a package from a house. The defendant said that people would order music equipment and ask him to pick it up. He gave them a woman's address where they could pick up a keyboard and mixer. She signed for it and the credit card was fraudulent. The defendant stated that he received $300.00 for picking it up and delivering it to the studio.

32.  The above version of the offense conflicts with the defendant's guilty plea, but was submitted prior to the initiation of plea proceedings. The defendant admitted guilt on the day trial began, after the government flew in approximately 16 witnesses. However, the defendant did provide a factual basis at the time of his plea as to Count 11, therefore, he is eligible for an adjustment for Acceptance of Responsibility.

### Offense Level Computations

(33.)  The 2002 edition of The Guidelines Manual has been used in this case.

### Count 11 - Counterfeit Securities

34.  Base Offense Level: The guideline for a violation of 18 U.S.C. § 513 is located at § 2B1.1(a), which specifies a base offense level of six.                                                    6

(35.)  Specific Offense Characteristic: As the fraud amount exceeded $1,000,000.00, but was less than $2,500,000.00, the offense level is increased 16 levels, pursuant to §2B1.1(b)(1)(I).      +16

36.  Specific Offense Characteristic: As the offense involved more than 10 victims, the offense level is increased two levels, pursuant to § 2B1.1(b)(2)(A)(i).                                 (+2)

37.  Specific Offense Characteristic: Since the defendant committed the offense while on bond for another federal offense, the offense level is increased three levels, pursuant to § 2J1.7.      +3

Andrew Gross III
# 28240-039
U.S.P. Terre Haute
P.O. Box 33
Terre Haute, Indiana
47808-0033

Office of the Clerk
United States District Court
231 W. Lafayette Boulevard,
Fifth Floor
Detroit, Michigan
48226

U.S. POSTAGE PAID
DETROIT, MI
FEB 11 '15
$1.82
48226

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 15-10637 | **Judge:** Avern Cohn | **Magistrate Judge:** Michael J. Hluchaniuk |

| | |
|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br><br>Andrew Gross III | **Name of 1st Listed Defendant/Respondent:**<br><br>United States of America |
| **Inmate Number:** 28240-039 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br><br>USP Terre Haute<br>P.O. Box 33<br>Terre Haute, IN 47808 | |

**BASIS OF JURISDICTION**
☒ 2 U.S. Government Defendant
☐ 3 Federal Question

**NATURE OF SUIT**
☒ 530 Habeas Corpus
☐ 540 Mandamus
☐ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☐ IFP *In Forma Pauperis*
☒ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes          ☒ No
   ➢ If yes, give the following information:
      Court: _____
      Case No: _____
      Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes          ☒ No
   ➢ If yes, give the following information:
      Court: _____
      Case No: _____
      Judge: _____

---

*MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases*